# EXHIBIT B



**PRIVATE AND CONFIDENTIAL**

December 20, 2018

Douglas Palmer
45 Sutton Square NW #905
Washington, DC  20024

Dear Douglas:

This letter sets forth the substance of the Separation Agreement (the "***Agreement***") between you and District Capital Partners, LLC (the "***Company***").

    1.    **Separation.**  Your last day of work with the Company and your employment termination date will be December 20, 2018 (the "***Separation Date***").

    2.    **Accrued Salary and Vacation.**  On the next regular payroll date following the Separation Date, the Company will pay you all accrued salary, reimbursable expenses and all accrued and unused vacation earned through the Separation Date, subject to standard payroll deductions and withholdings. You will receive these payments regardless of whether or not you sign this Agreement.

    3.    **Benefit Plans.**  To the extent provided by the federal COBRA law or, if applicable, state insurance laws, and by the Company's current group health insurance policies, you will be eligible to continue your group health insurance benefits following the Separation Date.

    4.    **Other Compensation or Benefits.**  You acknowledge that, except as expressly provided in this Agreement, you will not receive any additional compensation, severance or benefits after the Separation Date.

    5.    **Expense Reimbursements.**  If you have been issued any Company credit or calling cards, the Company will cancel these cards as of the Separation Date. You agree that, within ten (10) days of the Separation Date, you will submit your final documented expense reimbursement statement reflecting all business expenses you incurred through the Separation Date, if any, for which you seek reimbursement. The Company will reimburse you for reasonable business expenses pursuant to its regular business practice.

    6.    **Return of Company Property.**  By the Separation Date, you agree to return to the Company all Company documents (and all copies of Company documents) and other Company property that you have had in your possession at any time, including, but not limited to, Company files, notes,

drawings, records, business plans and forecasts, financial information, specifications, computer-recorded information, tangible property (including, but not limited to, computers), credit cards, entry cards, identification badges and keys; and, any materials of any kind that contain or embody any proprietary or confidential information of the Company (and all reproductions thereof).

7. **Proprietary Information Obligations.** Both during and after your employment you acknowledge your continuing obligations under the Proprietary Information, Inventions, Non-Competition and Non-Solicitation Agreement attached to this agreement as *Exhibit A* (the "*PIIA*") not to use or disclose any confidential or proprietary information of the Company and to refrain from certain solicitation and competitive activities.

8. **Confidentiality.** The provisions of this Agreement will be held in strictest confidence by you and the Company and will not be publicized or disclosed in any manner whatsoever; *provided, however,* that: (a) you may disclose this Agreement to your immediate family; (b) the parties may disclose this Agreement in confidence to their respective attorneys, accountants, auditors, tax preparers, and financial advisors; (c) the Company may disclose this Agreement as necessary to fulfill standard or legally required corporate reporting or disclosure requirements; and (d) the parties may disclose this Agreement insofar as such disclosure may be necessary to enforce its terms or as otherwise required by law. In particular, and without limitation, you agree not to disclose the terms of this Agreement to any current or former Company employee.

9. **Nondisparagement.** Both you and the Company agree not to disparage the other party, and the other party's officers, directors, employees, shareholders and agents, in any manner likely to be harmful to them or their business, business reputation or personal reputation; provided that both you and the Company will respond accurately and fully to any question, inquiry or request for information when required by legal process. The Company's obligations under this section are limited to Company representatives with knowledge of this provision.

10. **Release.** You hereby generally and completely release, acquit and forever discharge the Company, its parents and subsidiaries, and its and their officers, directors, managers, partners, agents, employees, attorneys, shareholders, successors, assigns and affiliates, of and from any and all claims, liabilities, demands, causes of action, costs, expenses, attorneys fees, damages, indemnities and obligations of every kind and nature, in law, equity, or otherwise, both known and unknown, suspected and unsuspected, disclosed and undisclosed, arising out of or in any way related to agreements, events, acts or conduct at any time prior to and including the execution date of this Agreement, including but not limited to: all such claims and demands directly or indirectly arising out of or in any way connected with your employment with the Company or the termination of that employment; claims or demands related to salary, bonuses, commissions, stock, stock options, or any other ownership interests in the Company, vacation pay, fringe benefits, expense reimbursements, severance pay, or any other form of compensation; claims pursuant to any federal, state or local law, statute, or cause of action; tort law; or contract law. The claims and causes of action you are releasing and waiving in this Agreement include, but are not limited to, any and all claims and causes of action that the Company, its parents and subsidiaries, and its and their respective officers, directors, agents, servants, employees, attorneys, shareholders, successors, assigns or affiliates:

- has violated its personnel policies, handbooks, contracts of employment, or covenants of good faith and fair dealing;

- has discriminated against you on the basis of age, race, color, sex (including sexual harassment), national origin, ancestry, disability, religion, sexual orientation, marital status, parental status, source of income, entitlement to benefits, any union activities or other protected category in violation of any local, state or federal law, constitution, ordinance, or regulation, including but not limited to: Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981, as amended; the Equal Pay Act; the Americans With Disabilities Act; the Family and Medical Leave Act; any applicable state Human Rights Act, any applicable state Disabilities Act, the Employee Retirement Income Security Act; Section 510; and the National Labor Relations Act;

- has violated any statute, public policy or common law (including but not limited to claims for retaliatory discharge; negligent hiring, retention or supervision; defamation; intentional or negligent infliction of emotional distress and/or mental anguish; intentional interference with contract; negligence; detrimental reliance; loss of consortium to you or any member of your family and/or promissory estoppel).

Excluded from this Agreement are any claims which cannot be waived by law. You are waiving, however, your right to any monetary recovery should any governmental agency or entity, such as the EEOC or the DOL, pursue any claims on your behalf. You acknowledge that you are knowingly and voluntarily waiving and releasing any rights you may have under the ADEA, as amended. You also acknowledge that (i) the consideration given to you in exchange for the waiver and release in this Agreement is in addition to anything of value to which you were already entitled, and (ii) that you have been paid for all time worked, have received all the leave, leaves of absence and leave benefits and protections for which you are eligible, and have not suffered any on-the-job injury for which you have not already filed a claim. You further acknowledge that you have been advised by this writing that: (a) your waiver and release do not apply to any rights or claims that may arise after the execution date of this Agreement; and (b) you have been advised hereby that you have the right to consult with an attorney prior to executing this Agreement.

11. **No Admission.** This Agreement does not constitute an admission by the Company of any wrongful action or violation of any federal, state, or local statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or of any other possible or claimed violation of law or rights.

12. **Breach.** You acknowledge that it may be impossible to assess the damages caused by your violation of the terms of this Agreement and further agree that any threatened or actual violation or breach of those paragraphs of this Agreement will constitute immediate and irreparable injury to the Company. You therefore agree that any such breach of this Agreement is a material breach of this Agreement, and, in addition to any and all other damages and remedies available to the Company upon your breach of this Agreement, the Company will be entitled to an injunction to prevent you from violating or breaching this Agreement. Each party agrees that if the other party is successful in whole or part in any legal or equitable action under this Agreement, the breaching party agrees to pay all of the costs, including reasonable attorney's fees, incurred by the non-breaching party in enforcing the terms of this Agreement.

13. **Miscellaneous.** This Agreement, including the PIIA, constitutes the complete, final and exclusive embodiment of the entire agreement between you and the Company with regard to this subject matter. It is entered into without reliance on any promise or representation, written or oral,

other than those expressly contained in this Agreement, and it supersedes any other such promises, warranties or representations. This Agreement may not be modified or amended except in a writing signed by both you and a duly authorized officer of the Company. This Agreement will bind the heirs, personal representatives, successors and assigns of both you and the Company, and inure to the benefit of both you and the Company, their heirs, successors and assigns. If any provision of this Agreement is determined to be invalid or unenforceable, in whole or in part, this determination will not affect any other provision of this Agreement and the provision in question will be modified by the court so as to be rendered enforceable. This Agreement will be deemed to have been entered into and will be construed and enforced in accordance with the laws of the State of Virginia as applied to contracts made and to be performed entirely within Virginia.

If this Agreement is acceptable to you, please sign below and return the original to me.

Sincerely,

**DISTRICT CAPITAL PARTNERS, LLC**

By: _____
Matthew P. Lynch
Managing Director

**AGREED TO AND ACCEPTED:**

_____
Name: Douglas Palmer